IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-00220-D-1
NO. 5:19-CR-00220-D-3
NO. 5:19-CR-00220-D-4
NO. 5:19-CR-00220-D-6
NO. 5:19-CR-00220-D-7
NO. 5:19-CR-00220-D-13
NO. 5:19-CR-00220-D-15
NO. 5:19-CR-00220-D-16
NO. 5:19-CR-00220-D-19
NO. 5:19-CR-00220-D-21

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : |
| v. | : |
| | : |
| SALVADOR IBARRA-ESCALANTE | : |
| FLORENTINO VALENCIA-TEPOZ | : |
| GREGORIO VASQUEZ-CASTILLO | : |
| SAMUEL CRUZ | : |
| MIGUEL GUTIERREZ | : |
| GEORGE LUIS MORALES | : |
| ERIC EVO | : |
| RYAN MERCADO-RODRIGUEZ | : |
| KELVIN FE ARELLANO-VALENCIA | : |
| ALVARO MENDEZ-FLORES | : |

**FINAL ORDER OF FORFEITURE**

WHEREAS, this Court entered Preliminary Orders of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2641(c), based upon the defendants' plea of guilty to an offense in violation of 18 U.S.C. § 371, and further evidence of record and as presented by the Government, the following property was forfeited to the United States, to wit:

1

(a) 2010 Chevrolet Express Cutaway Truck, VIN: 1GB6G3BG9A1142915, North Carolina License Plate JP5005 registered in the name of SAMUEL CRUZ;

(b) 2008 Ford truck, VIN: 1FDWE35L38DA82953, North Carolina License Plate JK4077, registered to CLEAN RECOVERY INC.;

(c) 2008 Toyota Tundra pickup, VIN: 5TBBV54198S518443, North Carolina License Plate Number FEP4720, registered in the name of BIO RECYCLING SERVICES CO.;

(d) 2007 Mitsubishi Sterling box truck, VIN# JLSBBG1S87K011671, North Carolina License Plate JL6704, registered to CLEAN RECOVERY INC.;

(e) Box truck with white cab and yellow cargo area, DOT# 2913844, No license plate, registered to TRAP BOYS INC.;

(f) 2015 Nissan Rogue, VIN: 5N1AT2MV3FC757765, New York License Plate HXK8608, registered in the name of REYNA RAMIREZ; and

(g) 2015 Ford Mustang, VIN: 1FA6P8TH0F5320863, North Carolina License Plate Number EKJ4006, registered in the name of GREGORIO VASQUEZ-CASTILLO;

AND WHEREAS, the United States published notice of this forfeiture at the www.forfeiture.gov web site for at least 30 consecutive days, between June 24, 2020 and July 23, 2020, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, and said published notice advised all third parties of their right to petition the court within sixty (60)

2

days from the first day of the publication date for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property;

AND WHEREAS, on July 16, 2020, Reyna Ramirez filed a Petition of Interest as to the subject vehicle listed above as Item (f): 2015 Nissan Rogue, VIN: 5N1AT2MV3FC757765, New York License Plate HXK8608, registered in the name of REYNA RAMIREZ. The Government has advised the Court that Ms. Ramirez and the United States entered into an out-of-Court agreement whereby the 2015 Nissan Rogue would be released to her. This vehicle is no longer being sought for judicial forfeiture in this criminal action;

AND WHEREAS, the Government has advised the Court that the subject vehicle listed above as Item (g)—that is, the 2015 Ford Mustang, VIN: 1FA6P8TH0F5320863, North Carolina License Plate Number EKJ4006, registered in the name of GREGORIO VASQUEZ-CASTILLO—has been released to its lienholder. This vehicle is no longer being sought for judicial forfeiture in this criminal action;

AND WHEREAS, the potential petitioners as to the remaining subject personal property in this criminal forfeiture action are: CLEAN RECOVERY INC., BIO RECYCLING SERVICES CO., TRAP BOYS INC., and Ruth Nava Abarca;

AND WHEREAS, in accordance with 21 U.S.C. § 853(n)(1) and Rule G(4)(a)(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable to this proceeding by Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, service of the Court's Preliminary Order of Forfeiture was

made on CLEAN RECOVERY INC. via federal express, on July 3, 2020, as evidenced by DE-944. Pursuant to 21 U.S.C. § 853(n)(2), any claim to the property described in the Preliminary Order of Forfeiture by this known potential claimant was due to be filed not later than August 3, 2020;

AND WHEREAS, in accordance with 21 U.S.C. § 853(n)(1) and Rule G(4)(a)(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable to this proceeding by Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, service of the Court's Preliminary Order of Forfeiture was made on BIO RECYCLING SERVICES CO. c/o Ruth Nava Abarca, Registered Agent, via federal express, on July 3, 2020, as evidenced by DE-944. Pursuant to 21 U.S.C. § 853(n)(2), any claim to the property described in the Preliminary Order of Forfeiture by this known potential claimant was due to be filed not later than August 3, 2020;

AND WHEREAS, in accordance with 21 U.S.C. § 853(n)(1) and Rule G(4)(a)(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable to this proceeding by Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, service of the Court's Preliminary Order of Forfeiture was made on TRAP BOYS INC., via federal express, on July 3, 2020, as evidenced by DE-944. Pursuant to 21 U.S.C. § 853(n)(2), any claim to the property described in the Preliminary Order of Forfeiture by this known potential claimant was due to be filed not later than August 3, 2020;

AND WHEREAS, it appears from the record that no claims, contested or otherwise, have been filed for any of the remaining subject property described in this

Court's Preliminary Orders of Forfeiture, other than those specifically mentioned herein.

It is HEREBY ORDERED, ADJUDGED and DECREED:

1. That the remaining subject property listed in the Preliminary Orders of Forfeiture are hereby forfeited to the United States. The United States Department of Homeland Security is directed to dispose of the property according to law, including destruction.

2. That any and all forfeited funds shall be deposited by the United States Department of Justice or the United States Department of Treasury as soon as located or recovered into the Department of Justice's Assets Forfeiture Fund or the Department of Treasury's Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

SO ORDERED this 7 day of June, 2021.

JAMES C. DEVER III
United States District Judge

5